# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT EDWARD TAYLOR,** **JR.,** *as the Personal Representative and Administrator of the Personal Estate of Brett Verdun Taylor,*  **Plaintiff,** <br><br> v. <br><br> **ERIC STARR, et al.,** **Defendants.** | Case No.: 1:20-cv-00489-CLM |

## MEMORANDUM OPINION

Brett Taylor died from acute methamphetamine toxicity while being detained at the Calhoun County jail. The administrator of Taylor's estate now sues several law enforcement officials and healthcare providers at the Calhoun County jail, asserting claims of deliberate indifference to serious medical needs, negligence, wantonness, and vicarious liability.

The healthcare provider defendants (Southern Health Partners, Inc., Maggen Cranford, Hadassah Underwood, Heather Clay, and Brent Cobb) seek to dismiss all claims. Doc. 64. According to the healthcare provider defendants, the administrator's third amended complaint should be dismissed because it is an impermissible shotgun pleading and it violates the heightened pleading requirements of the Alabama Medial Liability Act. In response to the healthcare provider defendants' motion, the administrator agrees to voluntarily dismiss Count IV. *See*

1

Doc. 68 at 2 n.1. For the reasons stated within, the court will **DENY** the healthcare provider defendants' motion (doc. 64) and will **DISMISS WITHOUT PREJUDICE** Count IV of the third amended complaint.

## STATEMENT OF THE ALLEGED FACTS

Anniston Police Officer Ryan Nolen arrested and charged Taylor with public intoxication after receiving a call that Taylor was acting strangely in the parking lot of an American Inn. Doc. 53 ¶¶ 21, 22. After Taylor arrived at the Calhoun County jail, three officers escorted him to a holding cell without first conducting a medical assessment. *Id.* ¶ 25. But Taylor could not hold an intelligible conversation with the jailers, so they eventually took him to see Cranford, an LPN employed by Southern Health to provide medical care at the Calhoun County jail. *Id.* ¶¶ 15, 29. Cranford then determined that Taylor was manic and positive for both meth and amphetamines. *Id.* ¶ 29.

Although Cranford had determined that Taylor had ingested meth or amphetamines, could not communicate intelligibly, and was in a state of manic behavior, she and the other nurses employed by Southern Health failed to send Taylor to the local emergency room for a full medical evaluation and care. *Id.* ¶ 35. Instead, jail officials placed Taylor in cell 7-B where he received no medical care. *Id.* ¶ 38. Taylor died in his cell from acute methamphetamine toxicity between 12:13 am and 12:26 am on July 14, 2018. *Id.* ¶¶ 51–53.

After Taylor's death, the administrator of his estate sued several of the law enforcement officials and healthcare providers at Calhoun County Jail. Count I of the third amended complaint alleges that defendants violated Taylor's Fourteenth Amendment rights, under 42 U.S.C. § 1983, because they were deliberately indifferent to his serious medical needs. *Id.* ¶¶ 66–69. Count II brings claims of negligence and wantonness against the individual defendants. *Id.* ¶¶ 70–73. Count III asserts that Southern Health was negligent and wanton under a respondeat superior theory of liability. *Id.* ¶¶ 74–76. And Count IV alleges that "[t]he negligence, wantonness, and violations of Mr. Taylor's constitutional rights . . . combined and concurred in causing Brett Taylor's death." *Id.* ¶ 78.

## STANDARD OF REVIEW

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). And Rule 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Complaints that violate these requirements are impermissible shotgun pleadings. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). This court "has the inherent authority to control its docket

and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotations omitted).

## ANALYSIS

The healthcare provider defendants' motion to dismiss doesn't attack the merits of the factual allegations in the administrator's complaint. Instead, the healthcare provider defendants argue that the complaint should be dismissed because the administrator didn't plead the facts in the way that Rule 8(a)(2), Rule 10(b), and the Alabama Medical Liability Act require. As explained below, the administrator pleaded the facts adequately enough.

**I.       Plaintiff's complaint is not an impermissible shotgun pleading.**

The Eleventh Circuit has identified four rough categories of prohibited shotgun pleadings. The first category of shotgun pleading is a complaint that includes "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. The second type of shotgun pleading is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third category is a complaint that fails to separate into different counts "each cause of action or claim for relief." *Id.* at 1323. Finally, the fourth type of

shotgun pleading is a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* What unifies each category of shotgun pleading "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

The court addresses each category of shotgun pleading in turn.

1. The healthcare provider defendants argue that the third amended complaint falls into the first shotgun pleading category because Count I realleges the factual allegations in paragraphs 1 to 65, Count II realleges paragraphs 1 to 69, Count III realleges paragraphs 1 to 4 and 14 to 65, and Count IV realleges paragraphs 1 to 76. Because the allegations realleged in Counts I and III are factual allegations and not allegations from predecessor counts, these two counts do not fall into the first category of shotgun pleading. *See id.* at 1324. And the administrator has agreed to voluntarily dismiss Count IV, so the court needn't address whether that count falls into the first shotgun pleading category.

That leaves Count II. Like pleadings that fall into the first shotgun pleading category, Count II not only realleges all the factual allegations in the third amended complaint, but it also realleges the allegations in Count I. *See* Doc. 53 ¶ 70. But the Eleventh Circuit has cautioned that dismissals on shotgun pleading grounds are only

"appropriate where it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325 (quotations omitted). And here, it is not virtually impossible to understand what facts support the administrator's negligence and wantonness claims. Instead, it is apparent from the third amended complaint that the administrator contends that the facts that underly his deliberate indifference claim also support his state law negligence and wantonness claims. So the court will not dismiss the complaint as a category one shotgun pleading.

2. The healthcare provider defendants next argue that the third amended complaint falls into the second category of shotgun pleading because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See id.* at 1322. But the only specific allegations that the healthcare provider defendants point to as being vague and conclusory are the allegations contained within paragraph 63:

> With Starr, Luker, Perry, Graham, Hall, Johnson, Thornton, Summers, Blair, Southern Health and nurse defendants acting jointly and in concert with each other, all of them had the duty and opportunity to protect Mr. Taylor, to obtain the necessary medical treatment for Mr. Taylor in a timely manner and/or to establish policies, practices, and/or procedures and implement training to recognize medical emergencies and seek appropriate emergency medical treatment, but each defendant failed and/or refused to perform such duty and therefore caused Mr. Taylor's death.

Doc. 53 ¶ 63.

The court agrees with the healthcare provider defendants that paragraph 63 is not a model of clarity. But the court is unconvinced that a single vague paragraph, even one realleged four times, renders the third amended complaint "***replete*** with conclusory, vague, and immaterial facts." *Weiland*, 792 F.3d at 1322 (emphasis added). And after reviewing the other factual allegations in the third amended complaint, the court finds that the allegations are specific enough to put each defendant on notice as to his alleged involvement in Taylor's death. So the court will not dismiss the complaint as a second category shotgun pleading.

3. The healthcare provider defendants point to Counts II and IV as falling into the third type of shotgun pleading (*i.e.*, a pleading that fails to separate different causes of action into different counts). Again, because the administrator has agreed to voluntarily dismiss Count IV, the court needn't consider whether it falls within this category of shotgun pleading.

And the court accepts the administrator's explanation that he included allegations in Count II that the individual defendants acted "negligently, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond [their] authority, under mistaken interpretation of law or in violation of the law, statute, and/or regulation," *see* doc. 53 ¶¶ 71, 73, to overcome a potential state-agent immunity defense. He did not intend for Count II to assert claims other than claims for negligence and wantonness. Thus, the court finds that the only causes of action alleged in Count II

are claims for negligence and wantonness. Although that means that the administrator has brought two causes of action in one count, the court finds that "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each [cause of action]." *Weiland*, 792 F.3d at 1324. So the court will not dismiss the third amended complaint as a category three shotgun pleading.

4. The only count that the healthcare provider defendants point to as falling into the fourth category of shotgun pleading is Count IV. And they concede that the administrator's voluntary dismissal of Count IV removes the complaint from this category of shotgun pleading. *See* Doc. 69 at 3–4. So the court will not dismiss the third amended complaint as a category four shotgun pleading.

\* \* \*

Because the third amended complaint does not fall into any of the shotgun pleading categories, the court will not dismiss the complaint on shotgun pleading grounds.[1]

---

[1] In a footnote, the healthcare provider defendants assert that the two-year statute of limitations bars all the administrator's claims. Because the healthcare provider defendants do not expound upon this argument, the court doesn't consider whether the third amended complaint is untimely.

## II. Plaintiff has met the heightened pleading requirements of the Alabama Medical Liability Act.

The healthcare provider defendants also argue that the state law claims against them should be dismissed because the administrator failed to satisfy the heightened pleading requirements of the Alabama Medical Liability Act. The Alabama Medical Liability Act provides:

> In any action for injury, damages, or wrongful death, . . . against a health care provider for breach of the standard of care, whether resulting from acts or omissions in providing health care, or the hiring, training, supervision, retention, or termination of care givers, the Alabama Medical Liability Act shall govern the parameters of discovery and all aspects of the action. The plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts. . . . Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted.

Ala. Code § 6-5-551.

"Section 6-5-551 has been considered a substantive provision applicable in federal court." *Kruse v. Corizon*, 2013 WL 3366043, at *9 n.20 (S.D. Ala. July 5, 2013). And the Alabama Supreme Court has interpreted § 6-5-551 as requiring plaintiffs to "give the defendant health care provider fair notice of the allegedly negligent act and" to "identify the time and place it occurred and the resulting harm." *See Mikkelsen v. Salama*, 619 So. 2d 1382, 1384 (Ala. 1993). But the Alabama Supreme Court has not been exacting in analyzing complaints under § 6-5-551. For

9

example, the court has said that simply alleging that a doctor prescribed medication for bipolar disorder but failed to warn his patient not to operate a motor vehicle while taking the medication met the requirements of § 6-5-551. *See id.* at 1384–85.

After reviewing the allegations in the third amended complaint, the court finds that it complies with § 6-5-551's requirements. The gist of the administrator's allegations against the individual nurses is that they knew that Taylor had side effects from ingesting meth and amphetamines but did not provide him with any medical care. He also asserts that they did not perform adequate medical assessments on Taylor. And he contends that Southern Health is vicariously liable for the actions of its employee. The administrator alleges that all these acts happened at the Calhoun County jail. And many of the administrator's factual allegations point to the approximate times when he alleges the healthcare provider defendants should have provided Taylor with proper medical assessments and medical care. *See* Doc. 53 ¶¶ 29 32, 33, 40, 41. So the allegations about what happened when Taylor was in the Calhoun County jail meet § 6-5-551's requirement of a "detailed specification and factual description" of the act(s) that make the individual nurses liable.

The third amended complaint is less specific when it comes to details about allegations that Clay and Cobb, who were Southern Health supervisors, failed to adequately train the other nurses or implement adequate policies and procedures at the Calhoun County jail. But the failure to train is an omission, not an affirmative

act, and this court agrees with other district courts that § 6-5-551's requirement that the complaint "shall include when feasible and ascertainable the date, time, and place of the act or acts" applies by its plain language only to allegations based on acts, not omissions. *See, e.g.*, *Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180, 1189 (S.D. Ala. 2006). The court thus finds that the third amended complaint provides "fair notice" of how the administrator alleges the healthcare provider defendants contributed to Taylor's death. So the court determines that the administrator's state law claims satisfy the Alabama Medical Liability Act's pleading requirements. *See Mikkelsen*, 619 So. 2d at 1384.

## CONCLUSION

For these reasons, the court will **DISMISS WITHOUT PREJUDICE** Count IV of the third amended complaint. Otherwise, the court will **DENY** the healthcare provider defendants' motion to dismiss (doc. 64). The court will enter a separate order that carries out these findings and sets deadlines for the defendants to answer the third amended complaint and for the parties to file their Rule 26(f) report.

**DONE** this April 26, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE